UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CAROLYN S. DENNIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:08-CV-198-TLS |
| | ) | |
| JOHN E. POTTER, POSTMASTER | ) | |
| GENERAL, and UNITED STATES | ) | |
| POSTAL SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The Plaintiff, Carolyn S. Dennis, sued her employer, the Postmaster General and the United States Postal Service, alleging retaliation under Title VII of the Civil Rights Act of 1964. Although her Complaint is confusing and far from clear, the Plaintiff alleges other issues as part of her Title VII retaliation claim: that she was denied Family and Medical Leave Act (FMLA) leave and pay; that some privacy-related rights in her medical documentation (possibly under the Health Insurance Portability and Accountability Act) were violated; that her alleged whistle-blower activities (possibly the protected activity she has in mind) led to the Title VII retaliation; that the Defendants' conduct is somehow related to her race and gender and to her whistle-blowing activities; that some job duties were reassigned in retaliation for her engaging in protected activity; that her workplace is unbearable; that she experienced harassment; and that her reputation has been tarnished by defamation.

On June 16, 2009, the Defendants filed a Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure [DE 23] and a Memorandum of Law in Support [DE 24]. On July 29, the Plaintiff filed a Response [DE 30] and a Memorandum

of Law to Deny Motion to Dismiss and/or in the Alternative Amend the Complaint [DE 31]. On August 19, the Defendants filed a Reply [DE 34].

**BACKGROUND**

On January 15, 2008, the Plaintiff filed her most recent EEO Complaint of Discrimination in the Postal Service [DE 3-2], alleging discrimination on the basis of race, color, and sex, and charging retaliation.[1] In her EEO Complaint, she claims violations of the FMLA and links her retaliation claim to her blowing the whistle on one of her supervisors. On June 11, 2008, the United States Postal Service issued a detailed Final Agency Decision [DE 3-2], dismissing some of the Plaintiff's claims and finding that the evidence does not support a finding that the Plaintiff was subjected to discrimination as alleged. The Plaintiff was issued a notice of her right to sue.

On August 26, 2008, the Plaintiff filed her Complaint and Jury Demand [DE 1]. On September 5, the Plaintiff filed a Notice of Supplement of Exhibits to Complaint [DE 3], which was accompanied by Exhibit A (the Plaintiff's January 15, 2008, EEO Complaint of Discrimination) and Exhibit B (the June 11, 2008, Final Agency Decision). On April 27, 2009, the Defendants filed an Answer [DE 17].

On June 16, the Defendants filed their Motion to Dismiss [DE 23] and their Memorandum of Law in Support [DE 24]. On July 29, the Plaintiff filed a Response [DE 30] and a Memorandum of Law to Deny Motion to Dismiss and/or in the Alternative Amend the

---

[1] In their Memorandum of Law in Support, the Defendants reference an "Exhibit 3" and an "Exhibit C." Based upon statements in their submissions, the Defendants may have intended at least one of these exhibits to be a copy of this earlier charge. It does not appear that the Defendants attached either of these exhibits. Additionally, no such exhibit is attached to the Complaint, and no exhibits were filed with the Defendants' Motion to Dismiss.

Complaint [DE 31], to which are attached various exhibits. On August 19, the Defendants filed a Reply [DE 34].

**DISCUSSION**

In their Motion and supporting materials, the Defendants ask the Court to dismiss the Plaintiff's Title VII retaliation claim because she has failed to show any Title VII protected activity causally connected to her claimed adverse treatment, any adverse employment action, and pretext. The Defendants also argue that the Plaintiff failed to exhaust her administrative remedies for her retaliation claim of working outside her medical restrictions. Although the Defendants' Motion is filed pursuant to Federal Rule of Civil Procedure 12(b)(6), many of the Defendants' arguments are actually premised upon the Rule 56 summary judgment standard, and thus they argue that the Plaintiff has presented no evidence to establish certain aspects of her claim. The Defendants did not file any evidentiary materials with its Motion, although the Defendants referenced at least one document that was not part of the pleadings.

The Plaintiff presents opposing arguments—for the most part. As the Defendants point out in their Reply, "[m]ost of plaintiff's response to the [Defendants'] Motion to Dismiss merely parrots the [Defendants'] memorandum of law changing negatives to positives and positives to negatives in order to state the opposite conclusion." (Defs.' Reply 2.) Apparently, counsel for the Plaintiff cut and pasted substantial portions of the Defendants' Memorandum of Law and made slight alterations here and there to make opposing arguments, but without carefully reviewing and proofreading the resulting statements. At points, this conduct by counsel for the Plaintiff becomes more apparent because he failed to make alterations in some sections of his

Memorandum of Law such that he actually makes the Defendants' arguments for them.[2] Nevertheless, the Plaintiff did submit some documents with her Memorandum of Law, even though these materials are not attached to an affidavit, and the Plaintiff's Memorandum of Law does not show their relevance to arguments being made or the significance of these materials in her case. In her Memorandum of Law, the Plaintiff requests that, if Defendants' Motion to Dismiss is granted as to any potential claim under the FMLA, she be granted leave to amend her Complaint to clarify her cause of action.[3]

The Defendants filed their Motion to Dismiss nearly two months after they filed their Answer, and the deadline for the Plaintiff to seek leave to join additional parties and to amend pleadings was July 1, 2009. The Plaintiff did not seek leave to amend before this deadline, and thus the Defendants' Motion is directed at the Plaintiff's original Complaint. Rule 12(d) provides that, when parties on a motion under Rule 12(b)(6) (for dismissal for failure to state a claim upon which relief can be granted) or under Rule 12(c) (for judgment on the pleadings) submit documents or matters outside the pleadings, courts either must exclude the documents or matters or convert the motion to a motion for summary judgment. Fed. R. Civ. P. 12(d); *Tierney v. Vahle,* 304 F.3d 734, 738 (7th Cir. 2002); *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court will exclude the matters referenced and submitted by the parties because the parties did not actually make them part of their submission or because

---

[2] Additionally, the Plaintiff's apparent practice of cutting and pasting sections of the Defendants' Memorandum of Law resulted in the undersigned (then unaware of the Plaintiff's parroted submission) issuing an Order asking the parties to clarify whether they intended to consent to the jurisdiction of the magistrate judge since counsel for the Government and counsel for the Plaintiff had represented in their submissions that their clients had filed consent to the jurisdiction of the magistrate judge.

[3] The Plaintiff did not submit a proposed Amended Complaint, and the portion of the Plaintiff's Memorandum of Law that relates to a possible FMLA claim suffers from the same sort of cut and paste job as the rest of the submission and is both confusing and rife with contradictory sentences.

they did not properly put them before the Court for consideration.

The Court has carefully reviewed the parties' submissions in an attempt to address the pending Motion to Dismiss on its merits. However, considering the state of the record before the Court (including the lack of clarity reflected in the Complaint,[4] the predication of the Defendants' analysis on the wrong standard, the references to and reliance on documents outside the pleadings, and the Plaintiff's inadequate response to the Defendants' Motion), the Court is unable to adequately address the issues presented in the pending Motion to Dismiss. Perhaps the most prudent course to move this case forward at this time is to reset this matter by giving the Plaintiff leave to file a motion to amend and a proposed amended pleading to clarify her cause of action and by denying without prejudice the Defendants' Motion to Dismiss. Rule 15(a)(2) provides that amendments are to be allowed "freely . . . when justice so requires," and the Defendants will have an opportunity to respond to any new motion by the Plaintiff seeking leave to amend her pleading, which must be accompanied by the Plaintiff's proposed amended pleading.

**CONCLUSION**

For the foregoing reasons, the Court DENIES without prejudice the Defendants' Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure [DE 23]. The Court also DENIES without prejudice the Plaintiff's Alternative Motion to Amend the Complaint [DE 31]. The Court GRANTS the Plaintiff up to and including March

---

[4] For instance, the Complaint alleges that the United States Postal Service is "an employer for purposes of Title VII of the FMLA." (Compl. ¶ 4.) This allegation reflects a fundamental misunderstanding of the law because Title VII is not part of the FMLA. They are distinct statutes.

31, 2010, in which to file a motion for leave to amend her Complaint to clarify her cause of action. The Plaintiff must submit her proposed Amended Complaint with her motion. Local Rule 7.1(a) governs the time periods for filing a response and a reply.

SO ORDERED on March 15, 2010.

                                              s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT